UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DARRYL AMIKER,

                                            Plaintiff,

            -against-

THE CITY OF NY, P.O. ORLANDO PEREZ, P.O.
ERICK ORTIZ, P.O. CHRISTIAN MCBREARTY AND
P.O.s "JOHN DOE" #1-5 (SAID NAMES BEING
FICTITIOUS, AS THE TRUE NAMES ARE
PRESENTLY UNKNOWN), INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITIES,

                                            Defendants.

**ANSWER**

07 Civ. 3554 (RPP)

Jury Trial Demanded

------------------------------------------------------------------------ x

        Defendants City of New York, Police Officer Erick Ortiz, and Police Officer Christian McBrearty, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

        1.        Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.        Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        3.        Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

---

[1] On information and belief "P.O. Orlando Perez," who plaintiff purports to name as a defendant, has not yet been served with a copy of the summons and complaint in this action.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5. Defendants state that paragraph "5" contains no averments of fact and, accordingly, no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal entity, that it maintains a police department, and respectfully refer the Court to the New York City Charter and the Administrative Code for a full and complete statement of the relationship between the City of New York and the New York City Police Department.

8. Deny the allegations set forth in paragraph "8" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified officers, and admit that Erick Ortiz and Christian McBrearty are currently employed by the City of New York as police officers and that Orlando Perez was formerly employed by the City of New York as a police officer. Defendants further state that plaintiff's allegations concerning "color of state law" constitute conclusions of law rather than averments of fact to which no response is required.

9. The allegations set forth in paragraph "9" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

10. Deny the allegations set forth in paragraph "10" of the complaint, and respectfully refer the Court to the New York City Charter and the Administrative Code for a full and complete statement of the City of New York's responsibilities.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff was stopped in the vicinity of 405 East 105th Street.

14. Deny the allegations set forth in paragraph "14" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's statements.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was arrested on December 8, 2006.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff was handcuffed, searched and that his arrest was processed.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff was charged with Criminal Sale of a Controlled Substance in the Third Degree.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff's underlying criminal case was dismissed on April 6, 2007.

23. Deny the allegations set forth in paragraph "23" of the complaint, except knowledge or information sufficient to form a belief as to the truth of the allegations concerning the length of time plaintiff was in custody and any time he missed from work.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

25. The allegations set forth in paragraph "25" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. The allegations set forth in paragraph "27" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

28. The allegations set forth in paragraph "28" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint, except admit that plaintiff's underlying criminal case was dismissed on April 6, 2007.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. The allegations set forth in paragraph "56" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint, and all subparts thereto.

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

64. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

65.     Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

66.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

67.     At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

68.     Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

69.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations period.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

70.     At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71.     Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

72.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

73.     Plaintiff provoked any incident.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

74.     Defendants Ortiz and McBrearty have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** defendants City of New York, Police Officer Christian McBrearty and Police Officer Erick Ortiz request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         August 2, 2007

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants City of New York, and
                        Officers McBrearty and Ortiz
                        100 Church Street
                        New York, New York 10007
                        (212) 788-0971

By:         /s/
        Anna Nguyen (AN 6973)
        Assistant Corporation Counsel
        Special Federal Litigation Division

To:   Christopher Galiardo, Esq. (*Via ECF*)
      Attorney for Plaintiff

Index No. 07 Civ. 3554 (RPP)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| DARRYL AMIKER,<br><br>                                                            Plaintiff,<br><br>                           -against-<br><br>THE CITY OF NY, P.O. ORLANDO PEREZ, P.O. ERICK ORTIZ, P.O. CHRISTIAN MCBREARTY AND P.O.s "JOHN DOE" #1-5 (SAID NAMES BEING FICTITIOUS, AS THE TRUE NAMES ARE PRESENTLY UNKNOWN), INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES,<br><br>                                                            Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York Police Officers McBrearty and Ortiz*<br><br>*100 Church Street*<br>*New York, N.Y.  10007*<br>*Of Counsel: Anna Nguyen*<br><br>*Tel:  (212) 788-0971*<br>*LawManager No. 2007-016159* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ....................................................,200*<br><br>*............................................................................Esq.*<br><br>*Attorney for City of New York* |